# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 08-CR-262 |
| **DENNIS MICHAEL BEDELL** | USM Number: 09794-089 |
| | Patrick C. Brennan |
| | Defendant's Attorney |
| MAY 10 2010 | Jonathan H. Koenig |
| | Assistant United States Attorney |

THE DEFENDANT:

☒ pleaded guilty on February 25, 2009, to the Superseding Information.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252A(a)(5)(B) | Possession of Child Pornography | March 14, 2008 | One |

The defendant is sentenced as provided in Pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ The Indictment in this case ☒ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances.

May 5, 2010
Date of Imposition of Judgment

*(signature)*
Signature of Judicial Officer

**C. N. Clevert, Jr., Chief U.S. District Judge**
Name & Title of Judicial Officer

5/10/2010
Date

AO 245B (Rev. 06/05) Judgment in a Criminal Case:
Sheet 2 - Imprisonment

**Defendant: Dennis Michael Bedell**
**Case Number: 08-CR-262**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of sixty **(60) months imprisonment as to the Superseding Information.**

☒ The court makes the following recommendations to the Bureau of Prisons:
Designation to a facility in the Midwest which can address the defendant's medical needs as outlined in the PSR; and
The court *suggests* that the defendant participate in the Inmate Financial Responsibility Program to facilitate payment of the Special Assessment.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**Defendant: Dennis Michael Bedell**
**Case Number: 08-CR-262**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **life as to the Superseding Information.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess any controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as directed.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ **The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.** (Check, if applicable.)
- ☒ **The defendant shall cooperate in the collection of DNA as directed by the probation officer.** (Check, if applicable.)
- ☒ **The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.** (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

**Defendant: Dennis Michael Bedell**
**Case Number: 08-CR-262**

## ADDITIONAL TERMS OF SUPERVISED RELEASE

1. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

2. The defendant shall not possess any ammunition, firearms, or other dangerous weapons, as such possession will result in revocation of the supervision term.

3. Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall not illegally possess any controlled substance. Such possession will result in revocation of the supervised release term and the defendant will be obligated to serve a further term in prison. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release and two tests within each year of supervision.

4. The defendant shall cooperate in the collection of DNA under the guidance and supervision of the supervising probation officer.

5. The defendant shall provide access to all financial information requested by his supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner with copies provided to the supervising officer immediately after filing.

6. The defendant shall participate in a mental health treatment program and shall take any and all prescribed medications as directed by the treatment provider and participate in any psychological/psychiatric evaluation and counseling as approved by the supervising probation officer. The defendant shall pay the cost of such treatment under the guidance and supervision of the supervising probation officer.

7. The defendant shall not associate with or have any type of contact whatsoever, with any person under the age of 18 unless approved of in advance, in writing, by the supervising probation officer, and then only in the physical presence of a responsible adult who has been advised of this criminal conviction. The defendant shall report to the probation office within 8 hours of any inadvertent or unauthorized contact with minors.

8. The defendant shall not engage in any computer business.

9. The defendant shall provide his supervising probation officer with all of his computer pseudonyms, passwords and logons.

10. The defendant shall consent to his supervising probation officer conducting periodic unannounced examination of his computer(s) equipment, which may include hardware, removable storage/media devices, and copying of all data from the computer(s). This also includes removal of such equipment by his supervising probation officer, when necessary, for the purpose of conducting a more thorough examination.

11. The defendant shall not posses or use any computer or other device with internet capabilities, except that he may, with prior approval of his supervising probation officer, use a computer in connection with authorized employment. The defendant shall disclose this conviction to the employer under the guidance and supervision of his supervising probation officer.

12. The defendant shall consent to third-party disclosure, to any employer or potential employer, the computer-related restrictions that are imposed in this case.

13. The defendant shall waive in writing all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to his supervising probation and to authorize open communication between the supervising probation officer and the treatment provider.

(CONTINUED ON NEXT PAGE)

AO 245B (Rev. 06/05) Judgment in a Criminal Case:
Sheet 3A - Supervised Release

**Defendant: Dennis Michael Bedell**
**Case Number: 08-CR-262**

## (CONTINUED FROM PREVIOUS PAGE)
## ADDITIONAL TERMS OF SUPERVISED RELEASE

14. The defendant shall participate in a program of sex offender mental health assessment and treatment, as approved by the supervising probation officer, until such time as he is released from the program by the supervising probation officer. This assessment and treatment may include use of the polygraph to assist in planning and case monitoring. Any refusal to submit to such an assessment or test as scheduled is a violation of the defendant's supervised release. The defendant shall pay the cost of this program under the guidance and supervision of his supervising probation officer.

15. The defendant shall not possess any sexually explicit or nudist visual material involving minors, or persons who appear to be minors, or any text material describing sex with minors, nor shall he knowingly patronize any place where such material is available or use any electronic equipment, including a computer, where such material can be obtained or viewed.

16. The defendant shall not possess any materials depicting sexually explicit conduct nor enter any establishment or use any electronic equipment, including a computer, where materials depicting sexually explicit conduct can be obtained.

17. The defendant shall register with state and local authorities as a convicted sex offender.

18. The defendant shall not possess or use a computer with access to any on-line computer service at any location (including employment) without the prior approval of his supervising probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network. Any approval by his supervising probation officer shall be subject to any conditions set by his supervising probation officer with respect to that approval.

19. The defendant shall not possess or use any data encryption or data erasure technique or program.

20. The defendant shall provide all personal/business phone records to his supervising probation officer upon request.

21. To the extent the Special Assessment has not been paid, the defendant shall make payments of not less than $10.00 per month commencing no earlier than 60 days from his release from imprisonment.

**Defendant: Dennis Michael Bedell**
**Case Number: 08-CR-262**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $100.00 | None | None |

☐ The defendant shall repay the buy money as a condition of supervised release.

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Totals: | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Defendant: Dennis Michael Bedell**
**Case Number: 08-CR-262**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  **Lump sum payment of $100.00 for the Special Assessment is due immediately.** If the defendant cannot make full and immediate payment, then the balance is to be paid

    ☐ not later than _____, or

    ☐ in accordance with ☐ C, ☐ D, ☐ E or ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ IT IS ORDERED, pursuant to 18 U.S.C. § 2253, the defendant shall forfeit any right, title or interest in the following property to the United States:
    1. Samsung hard drive, Serial No. SV0844A
    2. Seagate hard drive, Serial No. 3LR00NZQ
    3. IBM hard drive, Serial No. TH-001FNM-12561-21G-6AET
    4. Seagate hard drive, Serial No. 5LSC67QN
    5. Dell computer tower, Serial No. J3QRMC1
    6. Seagate hard drive, Serial No. 5JVSCZZV
    7. Dell computer tower, Serial No. 50BBL81

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.